THOMPSON, C.J.
Sugarmill Woods, Inc., and Love PGI Partners, L.P., (the owners) appeal a final- summary judgment in favor of Ronald Schultz, Citrus County Property Appraiser. The owners sued the property appraiser in December 1997, alleging that their property should have been classified agricultural for the year 1997. The trial court ruled that the owners were not entitled to relief because the complaint was time-barred, and because the owners had not submitted an application for the agricultural assessment. We agree with the trial court and affirm.
Section 193.461(3)(a) provides that the failure to make an application by March 1 “shall constitute a waiver for 1 year of the privilege herein granted for agricultural assessment.” It is undisputed that the owners did not apply for an agricultural assessment. The statute also provides that an owner who fails to file an application by March 1 may file an application before the value adjustment board. It is undisputed that the owners did not make such an application to the value adjustment board.
The owners contend, however, that it is a question of fact whether the county or the property appraiser waived the application requirement. Section 193.461(3)(a) also provides that a county may, “at the request of the property appraiser and by a majority vote of its governing body, waive the requirement that an annual application or statement be made.... ” Whether the county waived the application requirement is a question of law, and since the owners have not cited, either to this court or to the court below, a county resolution or ordinance waiving the requirement, this contention is without merit. Similarly, there is nothing in the record, other than *809 counsel’s implications, showing that the property appraiser himself waived the requirement. Accordingly, we conclude that the court below properly entered summary judgment for the property appraiser.
AFFIRMED.
SHARP, W. and SAWAYA, JJ., concur.